1

2

3

4                    UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6                         EUREKA DIVISON

7

8    HIEP HUY NGUYEN,                              Case No.  16-cv-5528-NJV (PR)

              Petitioner,
9                                                  **ORDER FOR PETITIONER
         v.                                        TO SHOW CAUSE**
10

11   JOSIE GASTELO,

              Respondent.
12

13

14        Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant

15   to 28 U.S.C. § 2254.  Petitioner challenges a 1998 conviction in Santa Clara County, so venue is

16   proper here.  *See* 28 U.S.C. § 2241(d).  Petitioner has paid the filing fee and has consented to the

17   jurisdiction of a Magistrate Judge.

18        However, court records indicate that petitioner already filed a habeas petition in this court

19   challenging the same conviction.  *See Nguyen v. Veale*, Case No. 06-cv-4198-MJJ.  Petitioner's

20   case was dismissed with prejudice as barred by the statute of limitations.  This appears to be a

21   successive petition.

22         "A claim presented in a second or successive habeas corpus application under section

23   2254 that was not presented in a prior application shall be dismissed . . ." 28 U.S.C. § 2244(b)(2).

24   This is the case unless,

25                    (A) the applicant shows that the claim relies on a new rule of
                 constitutional law, made retroactive to cases on collateral review by
26               the Supreme Court, that was previously unavailable; or
                      (B) (i) the factual predicate for the claim could not have been
27               discovered previously through the exercise of due diligence; and
                      (ii) the facts underlying the claim, if proven and viewed in
28               light of the evidence as a whole, would be sufficient to establish by

United States District Court
Northern District of California

United States District Court
Northern District of California

clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). It does not appear that petitioner has received authorization from the Ninth Circuit to file this petition, therefore he will be ordered to show cause why this case should not be dismissed.

### CONCLUSION

1. Petitioner must show cause within **twenty-one (21) days** of the date of service of this order why this case should not be dismissed as successive. Failure to file a response will result in this case being dismissed.

2. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: November 9, 2016

_____
NANDOR J. VADAS
United States Magistrate Judge

2