UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISON

HIEP HUY NGUYEN,

    Petitioner,

v.

JOSIE GASTELO,

    Respondent.

Case No.  16-cv-5528-NJV (PR)

**ORDER OF DISMISSAL**

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a 1998 conviction in Santa Clara County, so venue is proper here.  *See* 28 U.S.C. § 2241(d).  Court records indicated that petitioner already filed a habeas corpus petition in this court challenging the same conviction.  *See Nguyen v. Veale*, Case No. 06-cv-4198-MJJ.  Petitioner's prior case was dismissed with prejudice as barred by the statute of limitations.  The present case appeared to be a successive petition, therefore the court ordered petitioner to show cause why this case should not dismissed.  (Doc. 8.)  Petitioner has filed a response.  (Doc. 9.)

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed."  28 U.S.C. § 2244(b)(2).  This is the case unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by

> clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has submitted a response but has failed to demonstrate the he received authorization to file a new petition. The case will therefore be dismissed. If petitioner obtains permission from the Ninth Circuit he may refile this case.

## CONCLUSION

The case is **DISMISSED** and a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 16, 2016

_____
NANDOR J. VADAS
United States Magistrate Judge

2